STEPHEN HOLLINGSWORTH, plaintiff in error, *vs.* OLIVER SMITH *et al.*, defendants in error.

Where one had procured a homestead to be set off to him under the Constitution of 1868, in a certain tract of land, and had filed a bill against a creditor, who was about to sell the same, under a judgment, for the purchase-money, and the Court refused to charge the jury "that if they should find that the debt was, in fact, for the purchase-money, and the homestead, therefore, subject, they might still enjoin the execution as to fifty acres of the land, on the ground that this was exempt from levy, under section 2013 of the Code:"

*Held*, That there was no error in this refusal to charge; such a decree would have been foreign to the objects of the bill, and an improper finding, under the pleadings in this case.

Injunction. Homestead. Before Judge GREEN. Upson Superior Court. May Term, 1871.

Stephen Hollingsworth filed his bill against Oliver Smith and John A. Cochran, as administrator upon the estate of John W. Pate, deceased, in which he alleged that, on October 20th, 1860, complainant and said Pate purchased from Oliver Smith, jointly, a certain tract of land, for the sum of $1,600, one-half of which sum was to be paid in cash, and the other half at a future day; that complainant paid $800 in cash, and that it was agreed that the said Pate should pay the balance. Complainant set up a homestead in said land, laid off to him under the Act of 1868, and prayed an injunction against the sale of the same, under an execution in favor of said Smith for the balance of the purchase-money, and also a writ of partition, as against the administrator of Pate, deceased. Upon the trial, the evidence as to the agreement above set forth was conflicting.

Complainant requested the Court to charge, "that if the jury should find that the homestead, under the Act of 1868, would not be available, and which was one of the questions involved in this case, then the jury might still find and decree an injunction against the execution of Oliver Smith temporarily restraining it, as to fifty acres of said land, under

section 2013 of the Code, if they believed complainant was the head of a family," which charge the Court refused to give, and, on the contrary, charged the jury as follows: "If you believe that complainant has made application for a homestead, under the Constitution of 1868, and subsequent legislation under said Constitution, and that the same has been allowed him by the Ordinary, you should not decree a temporary injunction against the defendant to give complainant time to apply to the Ordinary, under section 2013 of the Code. The Court does not hold that complainant is not entitled to a homestead, under said section, but, in the event that you find a homestead has been laid off and assigned, under the Constitution of 1868, according to law, you cannot now, in this proceeding, inquire as to his right to a homestead, under section 2013 of the Code." To which charge, as given, and refusal to charge, complainant excepted, and now assigns the same as error.

A. M. SPEER, by brief, for plaintiff in error.

SMITH & ALEXANDER; JOHN I. HALL, represented by the REPORTER, for defendants.

McCAY, Judge.

It is true that the Act of 1868 authorizes any one who does not desire to take advantage of its provisions, if he pleases, to seek the benefit of the old exemption law, as provided by the Code. But there was nothing in this bill or answer or in any of the proceedings to authorize the charge asked for. The bill and the answer make the issue that was on trial, and there was nothing in either to call for the request made. The issue was whether the homestead, as set apart by the Ordinary, on the petition, was or was not subject to the *fi. fa.* That was the thing the jury was to pass on, and the question whether, if a wholly different petition had been made, and a wholly different proceeding taken, the exemption

procured under such other petition and proceeding, would have been subject to the *fi. fa.*, was a matter wholly foreign to the case before the Court, and we think the Judge was perfectly right not to charge as asked.

Judgment affirmed.